UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-CV-412-KAC-DCP |
| | ) | |
| | ) | |
| UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO SHOW CAUSE

On August 21, 2025, Plaintiff initiated this action against various Defendants by filing a Complaint [Doc. 1] in this district court, the United District Court for the Eastern District of Tennessee. But according to the allegations in the Complaint, no party to this action has a connection to the Eastern District of Tennessee [*See* Doc. 1 ¶¶ 33-39]. Nor do the events that form the basis of the claims involve any acts in the Eastern District of Tennessee [*See id.*]. In fact, the Complaint alleges that "the U.S. District Court for the District of Eastern **Louisiana**" "has jurisdiction over this matter" [*Id.* ¶ 42 (emphasis added)]. It is not clear that this Court—the Eastern District of Tennessee—would have jurisdiction to hear this action, even if Plaintiff did intend to file the action here.

Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why the Court should not transfer this action to the United States District Court for the Eastern District of Louisiana. *See* 28 U.S.C. §§ 1404, 1406(a). Plaintiff **MUST** respond to this Order by **August 29, 2025**. A failure to respond will be grounds for the Court to dismiss this action. *See* Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted)

(noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court").

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge