UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 3:25-CV-412-KAC-DCP |
| UNITED STATES PATENT AND TRADEMARK OFFICE, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER TRANSFERRING ACTION

Plaintiff Ronald Satish Emrit, who is proceeding pro se, filed a Complaint [Doc. 1] and (2) motion for leave to proceed in forma pauperis [Doc. 2] in this court—the United States District Court for the Eastern District of Tennessee. But, according to the Complaint's allegations, no party to this action has a connection to the Eastern District of Tennessee, [*see* Doc. 1 ¶¶ 33-39], and none of the events forming the basis of Plaintiff's claims appear to have occurred in this District, [*see generally* Doc. 1]. Instead, the Complaint alleges that "the U.S. District Court for the District of Eastern **Louisiana**" "has jurisdiction over this matter" and "has subject matter jurisdiction over the present case" [*Id.* ¶¶ 42-43 (emphasis added)].

Based on the allegations in the Complaint, the Court issued an Order to Show Cause, ordering Plaintiff to show cause why the Court should not transfer this action to the United States District Court for the Eastern District of Louisiana [Doc. 7 at 1]. The Court ordered Plaintiff to respond to by August 29, 2025 [*Id.*]. He failed to comply. No Defendant has been served or appeared.

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).  "[D]istrict courts have broad discretion to determine when party convenience or the interests of justice make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320  (6th Cir. 2009) (cleaned up).  In deciding whether to transfer a case, the Court "should consider 'the private interests of the parties, including their convenience and the convenience of potential witnesses,'  public-interest concerns, as well as whether the transfer is in the interests of justice."  *See Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

Based on the Complaint's allegations, Plaintiff intended to file this action in "the U.S. District Court for the District of Eastern Louisiana" [*See* Doc. 1 ¶¶ 42, 43]. No party has any alleged connection to this District—aligning both the private and public interests in support of transfer.  And there is no evidence that any Party would be inconvenienced or prejudiced by transferring this action to the Eastern District of Louisiana.  Accordingly, the Court **ORDERS** the Clerk to **TRANSFER** this action to the United States District Court for the Eastern District of Louisiana and to close this Court's file.[1]

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

---

[1] By transferring this action, the Court takes no position on, and reserves for the transferee court, the issue of Plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] and any necessary screening under the Prison Litigation Reform Act.