## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RONALD SATISH EMRIT**                      **CIVIL ACTION**

**VERSUS**                                              **NO. 25-1847**

**UNITED STATES PATENT AND**            **SECTION: D (4)**
**TRADEMARK OFFICE, ET AL.**

## ORDER and REASONS

On August 21, 2025, plaintiff, "Presidential Candidate Number P 60005535 'also known as' (aka) Ronald Satish Emrit, & Presidential Committee/Political Action Committee/Separate Segregated Fund Number C00569897 d/b/a United Emrits of America" filed a Complaint in the United States District Court for the Eastern District of Tennessee.[1]  On September 8, 2025, that court transferred the matter to this Court based upon Plaintiff's allegation that, "the U.S. District Court for the District of Eastern Louisiana (as an Article III court) has jurisdiction over this matter."[2]

The instant Complaint is nearly identical to a Complaint that Plaintiff previously filed in this Court on April 11, 2025.[3]  On April 14, 2025, this Court issued an Order and Reasons dismissing with prejudice Plaintiff's prior Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[4]  The Court also ordered that, "the Clerk of Court for the United States District Court for the Eastern District of Louisiana shall refuse any filing of a petition or complaint, motion, or other pleading

---

[1] R. Doc. 1.
[2] R. Doc. 8 at p. 1 (*quoting* R. Doc. 1 at ¶¶ 42–43) (citation modified).
[3] *See* Civ. A. No. 25-720-WBV-KWR, *Ronald Satish Emrit v. Trademark Office (USPTO), et al.*
[4] *See* R. Doc. 3 in Civ. A. No. 25-720-WBV-KWR, *Ronald Satish Emrit v. Trademark Office (USPTO), et al.*

that is accompanied by an application for leave to file or proceed *in forma pauperis* by Ronald Satish Emrit, except for pleadings that contain allegations of constitutional deprivation by reason of physical harm or threats to Satish's person."[5]

The instant case does not involve allegations of constitutional deprivation by reason of physical harm or threats to Plaintiff's person.  Instead, as in the prior case, Plaintiff asserts claims for the tortious interference with contract and tortious interference with business relations and names as defendants the United States Patent and Trademark Office, the United States Department of Commerce, NASA Goddard Space Flight Center in Greenbelt, Maryland, the American Institute of Physics, the Kennedy Space Center in Cape Canaveral, Florida, and the National Science Foundation.[6] As such, for the reasons set forth by the Court in its prior Order and Reasons,[7] the Court finds that Plaintiff's Complaint is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  As alleged, the Complaint is incoherent, at best, and more appropriately considered "entirely fanciful" or delusional.[8]  Viewing the factual allegations of the Complaint that are coherent liberally and in the light most favorable to Plaintiff, as the Court is required to do,[9] it is clear that Plaintiff seeks to "avoid the red tape" of United States patent law and have this Court grant him a

---

[5] *See* R. Doc. 3 at p. 9 in Civ. A. No. 25-720-WBV-KWR, *Ronald Satish Emrit v. Trademark Office (USPTO), et al.*
[6] R. Doc. 1.
[7] *See* R. Doc. 3 in Civ. A. No. 25-720-WBV-KWR, *Ronald Satish Emrit v. Trademark Office (USPTO), et al.*
[8] *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).
[9] *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  *See Neitzke v. Williams*, 490 U.S. 319, 330, n.9 (1989) (explaining that, "the liberal pleading standard of *Haines* applies only to a plaintiff's factual allegations.  Responsive pleadings thus may be necessary for a *pro se* plaintiff to clarify his legal theories.").

patent and require the government and other agencies to adopt his ideas regarding quantum mechanics, astrophysics, general relativity, and special relativity. Plaintiff simply fails to state any constitutional violation whatsoever, nor allege any facts to support a constitutional violation. Further, and importantly, while Plaintiff alleges diversity jurisdiction, the Complaint fails to allege the citizenship of any of the parties.[10] To the extent that Plaintiff alleges federal question jurisdiction, he states no facts whatsoever to support his claims of a "discussion," much less any violation, of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Protection Clause, the Due Process Clause, the Fourth Amendment, or the Privileges and Immunities Clause.[11] Thus, Plaintiff fails in his burden to establish subject matter jurisdiction.[12]

The Court recognizes that Plaintiff has filed hundreds of lawsuits in districts throughout the country,[13] and has filed at least 13 lawsuits in this Court in the last two years.[14] The great majority of these cases have been dismissed for improper

---

[10] R. Doc. 1 at ¶ II.

[11] *Id*. at ¶ III(43).

[12] The Court declines to discuss the glaring issue of improper venue in this Order.

[13] *See Emrit v. Central Intelligence Agency*, Civ. A. No. 3:22-CV-35, 2022 WL 1575099, at *1 (N.D.W. Va. Apr. 1, 2022) (Trumble, M.J.) *report and recommendation adopted*, Civ. A. No. 3:22-CV-35, 2022 WL 1573175 (N.D.W. Va. May 18, 2022) ("A well-documented 'serial *pro se* filer' since approximately 2013, Plaintiff Ronald Satish Emrit ('Plaintiff' or 'Emrit') has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii."); *Emrit v. Combs*, Civ. A. No. 1:24-cv-129, 2024 WL 1121579, at *1 (W.D. Mich. Feb. 12, 2024) (Berens, M.J.), *report and recommendation adopted*, Civ. A. No. 1:24-CV-129, 2024 WL 1115450 (W.D. Mich. Mar. 14, 2024) (same).

[14] *See* R. Doc. 3 at p. 1 in Civ. A. No. 25-720-WBV-KWR, *Ronald Satish Emrit v. Trademark Office (USPTO), et al.* (citing Civ. A. No. 25-721-NJB-DPC, *Emrit v. Cobb Gonzalez Law Firm, et al.*; Civ. A. No. 25-722-NJB-EJD, *Emrit v. World Intellectual Property Organization (WIPO), et al.*; Civ. A. No. 25-723-LMA-MBN, *Emrit v. Federal Reserve Bank, et al.*; Civ. A. No. 25-724-SM-MBN, *Emrit v. International Court of Justice in Hague, Netherlands, et al.*; Civ. A. No. 25-96-JCZ-KWR, *Emrit, et al. v. Musk, et al.*; Civ. A. No. 25-271-NBJ-DPC, *Emrit v. Musk, et al.*; Civ. A. No. 23-942-BWA-MBN, *Emrit v. University of Miami School of Law, et al.*; Civ. A. No. 23-943-LMA-DPC, *Emrit v. Pratt, et al.*; Civ. A. No. 23-1208-CJB-JVM, *Emrit v. Jules*; Civ. A. No. 23-1219-JTM-DPC, *Emrit v. Florida*

venue or failure to state a claim.[15]  Additionally, "[d]ue to Plaintiff's 'extensive and abusive nationwide litigation practices . . . Plaintiff has been deemed a vexatious litigant or subjected to prefiling requirements in multiple districts across the country."[16]  These voluminous pleadings take up considerable time and limited judicial resources which should appropriately be reserved to address and resolve claims which may have merit.[17]  Plaintiff's claims do not fall into that category.

Before dismissing Plaintiff's claims, however, the Court *sua sponte* considers whether to afford Plaintiff an opportunity to amend.  Courts must "freely give leave [to amend] when justice so requires."[18]  In exercising their discretion, courts consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility

---

*Department of Law Enforcement, et al.*; Civ. A. No. 23-3284-GGG-JVM, *Emrit v. The Grammy Awards*; Civ. A. No. *See* Civ. A. No. 24-372-SSV-KWR, *Emrit v. Combs, et al.*).

[15] *Emrit v. Central Intelligence Agency*, Civ. A. No. 3:22-CV-35, 2022 WL 1575999 at *1.

[16] *Id.* (quoting *Emrit v. Trump*, Civ. A. No. 1:19-CV-18, 2019 WL 140107, at *2 (S.D. Ohio Jan. 9, 2019) (Bowman, M.J.), *report and recommendation adopted*, Civ. A. No. 1:19-CV-18, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019)).

[17] By way of example, in two cases that were pending in this Court for less than three months, Plaintiff filed numerous motions, often more than one a day.  *See* Civ. A. No. 25-96-JCZ-KWR, *Emrit, et al. v. Musk, et al.* and Civ. A. No. 25-271-NBJ-DPC, *Emrit v. Musk, et al.*  The motions include a Motion for Default Judgment, a Motion for Joinder, a Motion for Declaratory Judgment (*See* R. Docs. 12, 13, & 15 filed in Civ. A. No. 25-271-NBJ-DPC, *Emrit v. Musk, et al.*) and a Motion for Preliminary Injunction, a Motion for Summary Judgment, a Motion to Certify Class, a Motion to Subpoena Witnesses, a Motion to Compel, and a Motion for Recusal (*See* R. Docs. 11, 13, 14, 15, 16, & 18 filed in Civ. A. No. 25-96-JCZ-KWR, *Emrit, et al. v. Musk, et al.*).

[18] Fed. R. Civ. P. 15(a).

of the amendment."[19]  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[20]  As discussed in detail above, such is the case here.[21]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint[22] is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that the Clerk of Court for the United States District Court for the Eastern District of Louisiana shall continue to refuse any filing of a petition or complaint, motion, or other pleading that is accompanied by an application for leave to file or proceed *in forma pauperis* by Ronald Satish Emrit, except for pleadings that contain allegations of constitutional deprivation by reason of physical harm or threats to Satish's person, without Emrit seeking, and being granted, leave of court.[23]

New Orleans, Louisiana, September 18, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[19] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[20] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[21] Further, Plaintiff's bad faith in repeatedly filing hundreds of frivolous lawsuits supports declining leave to amend.
[22] R. Doc. 1.
[23] *See Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981).